CALIF–ASIA CO., LTD. *v.* UNITED STATES

**No. 6063.**—Invoice dated Shanghai, China, April 19, 1941.
Certified April 19, 1941.
Entered at Los Angeles, Calif., May 17, 1941.
Entry No. 5732.

(Decided October 25, 1944)

*Harper & Harper* (*Lawrence A. Harper* and *Charles J. Evans* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon* and *Daniel I. Auster*, special attorneys), for the defendant.

COLE, Judge: In this case, the appeal for reappraisement filed pursuant to the provisions of section 501 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1501) is based upon an addition of 3.17 per centum by the appraiser to his finding of 71½ cents (Shanghai currency) per square foot, plus packing, on grass rugs exported from Shanghai, China, in April 1941 and entered at the port of Los Angeles, in May 1941.

When the case was heard at the port of entry on February 23, 1944, the customs examiner who advisorily appraised the instant merchandise testified that the addition in question "equalled the difference between the exchange used on the entry and the fixed rate of exchange that appears on the invoice at which it was purchased." In other words, the advance by the appraiser resulted from his conversion of values from Shanghai currency into United States currency, using a different rate of exchange than that applied on entry. Such a procedure exceeds the appraiser's statutory authority in finding value. Conversion of currency is a matter that rests entirely with the collector. *Sabine Transportation Co., Inc., et al. v. United States*, 1 Cust. Ct. 641, Reap. Dec. 4409, and *United States v. C. J. Tower & Sons*, 8 Cust. Ct. 681, Reap. Dec. 5615. The addition in question is not an element forming part of dutiable market value, section 402 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402).

Defendant's contention that plaintiff has not made out a *prima facie* case because it failed to prove all the factors included within the

statutory definition of value, section 402, *supra*, is untenable. The record discloses that appraisement was made on the basis of export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1402 (d)), and such a finding by the appraiser carries a presumption of correctness, section 501, *supra*, having the effect that he found every fact to exist that was necessary to sustain his action. *E. I. du Pont de Nemours & Co.* v. *United States*, 27 C. C. P. A. 146, C. A. D. 75. Hence, the limited scope of the present issue.

I find export value, section 402 (d), *supra*, to be the proper basis for appraisement of the grass mats in question, and that such value is 71½ cents (Shanghai currency) per square foot, plus cost of packing as appraised. Judgment will be rendered accordingly.